UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KIM LAU,<br><br>                Plaintiff,<br><br>    vs.<br><br>XAVIER BECERRA, Secretary U.S. Department of Health and Human Services,<br><br>                Defendant. | 4:24-CV-04063-VLD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION<br><br>DOCKET NO. 34 |

## INTRODUCTION

The matter before the court is plaintiff Kim Lau's Motion for Clarification of this Court's order denying defendant's motion to dismiss. See Docket No. 31. The parties have consented to this magistrate judge handling their case pursuant to 28 U.S.C. § 636(c).

## FACTS

The facts of this dispute are laid out more fully at Docket No. 31, at 1-6. To recap, Dr. Kim Lau worked at the Winnebago Indian Health Service Hospital (WIHSH) in Winnebago, Nebraska. See Docket No. 1, at 2-3. In summer 2018, the Indian Health Service (IHS), an agency of DHHS, ceded control of the hospital and the Winnebago Tribe of Nebraska took over all operations

pursuant to the Indian Self-Determination and Education Assistance Act of 1975 (ISDEAA). Id. at 3-4. Dr. Lau elected to remain a Title 38 employee of IHS detailed to the Tribe under a special purpose Intergovernmental Personnel Agreement (IPA). Id. at 4.

After receiving a Memorandum of Expectations outlining concerns about his job performance, Dr. Lau was relieved of all responsibilities and duties and his special purpose IPA was terminated as a part of a Reduction in Force (RIF) process. Id. at 5, 7. Dr. Lau filed a formal complaint of discrimination, alleging that the Tribe discriminated against him because of his national origin, race, age, and disability. Id. at 1-3. Dr. Lau sued Xavier Becerra, Secretary of DHHS, alleging similar violations. Id. at 8-10.

DHHS moved to dismiss for failure to state a claim and for lack of jurisdiction. Docket No. 17. Specifically, DHHS argued that (1) this Court lacked subject matter jurisdiction over Dr. Lau's claims because Dr. Lau failed to administratively exhaust any challenge to the reduction in force (RIF) process, and (2) Dr. Lau's complaint failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because all of his allegations described conduct by the Tribe, not of DHHS. Docket No. 18, at 8-15.

This Court denied the motion. Docket No. 31. It made two pertinent holdings. First, it held that Dr. Lau's EEOC complaint failed to adequately challenge the initiation of the RIF process or the sufficiency of that process; accordingly, his claims were limited to challenging the sufficiency of the

notification letter.  Id. at 17.  Second, the Court rejected DHHS's argument that Dr. Lau's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6), finding that Dr. Lau plausibly alleged claims of employment discrimination against DHHS.  Id. at 21.

Dr. Lau moved to clarify the court's ruling.  Docket No. 34.  Dr. Lau seeks clarification as to which claims remain in this action given that the Court ordered that only "Dr. Lau's administratively exhausted challenge to the sufficiency of his notification letter is allowed to proceed."  Docket No. 34, at 1 (quoting Docket No. 31, at 22).  That motion is now before the Court for consideration.

## DISCUSSION

Before addressing the merits of Dr. Lau's motion, the court must first determine whether it has the authority to entertain a motion for clarification.  The Local Rules require the moving party to identify the Federal Rule of Civil Procedure on which the movant relies.  Sprint Commc'ns Co., L.P. v. Native Am. Telecom, LLC, No. CV 10-4110-KES, 2012 WL 12882880, at *1 (D.S.D. May 7, 2012) (citing D.S.D. Civ. LR 7.1B).  Dr. Lau does not provide a Federal Rule of Civil Procedure providing for a motion to clarify, and this Court has held that "[a] 'motion for clarification' is not a motion authorized by the Federal Rules of Civil Procedure." Kraft v. Off. of Comptroller of Currency, No. 4:20-CV-04111-RAL, 2021 WL 3186153, at *2 n.2 (D.S.D. July 28, 2021).

Nevertheless, this Court has held that "[a] motion to clarify an order when a legitimate dispute arises is a proper motion." Marco, Inc. v. Advanced Sys., Inc., No. CR 11-4072-KES, 2011 WL 5858754, at *1 (D.S.D. Nov. 22, 2011).  See also United States v. Johnson, 145 F. Supp. 3d 862, 873 (D.S.D. 2015) (granting a motion for clarification).  Accordingly, the Court finds that it may consider Dr. Lau's motion for clarification.

Dr. Lau seeks clarification over "whether Plaintiff may proceed with his claim that the discriminatory RIF resulted in his separation from federal service." Docket No. 34, at 3.  Dr. Lau's uncertainty stems from the fact that this Court previously held that his claims were limited "to his challenge of the sufficiency of the notification letter." Docket No. 31, at 17.  Dr. Lau says that his complaint did not allege that the notification regarding the RIF was insufficient.  Docket No. 34, at 3.

The court holds that Dr. Lau may not proceed with his claim that the RIF resulted in his separation from federal service.  As explained in the Court's previous order, "Dr. Lau did not challenge the initiation of the RIF process or the sufficiency of that process when he filed his Formal Complaint with the EEOC," so those "claims are not administratively exhausted." Docket No. 31, at 17.  The court's statement that Dr. Lau was limited to challenging the sufficiency of the notification letter was merely reiterating that Dr. Lau's Formal Complaint to the EEOC "only challenged the August 31, 2020, letter in

which IHS explained the abolishment of his federal position and that he would be separated from federal service." Id.

## CONCLUSION

Based on the foregoing facts, law and analysis, the court hereby

GRANTS Plaintiff's motion to clarify, Docket No. 34.  Dr. Lau failed to administratively exhaust his claim that the RIF was discriminatory and resulted in his separation from federal service, and therefore may not proceed with that claim.

DATED this 16th day of January, 2025.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge