UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KIM LAU,<br><br>                    Plaintiff,<br><br>        vs.<br><br>ROBERT F. KENNEDY, JR., Secretary,<br>United States Department of Health and<br>Human Services,<br><br>                    Defendant. | 4:24-CV-04063-VLD<br><br><br>ORDER DENYING MOTION TO STAY |

Defendant Robert F. Kennedy, Jr. filed a motion to stay discovery in this matter pending resolution of the summary judgment motion he filed the same date.  See Docket No. 50.  Plaintiff Kim Lau opposes the motion.  See Docket No. 54.

Briefly, the facts known to this court at this time were that Dr. Lau was initially employed by an Indian Health Services (IHS) hospital.[1]  Subsequently, the IHS transferred operation of the hospital to an Indian tribe.  At that point, Dr. Lau continued on as an employee of the defendant, but did so under a special agreement with the tribe—an Intergovernmental Personnel Agreement (IPA). Although Dr. Lau had always received good employment evaluations, he alleges in mid-July 2020, he was told his performance was unacceptable.  He was placed on a plan for improvement, but fired shortly after the plan was put into effect.

---

[1] For a more detailed description of the facts alleged by the plaintiff, see Docket No. 39 at 2-8.

Present at the meeting where he was notified he was being fired were some tribal employees, as well as Commander Matthew McClung, Dr. Lau's federal IHS supervisor.

Dr. Lau exhausted his administrative remedies and then brought this complaint in federal court, alleging the termination of his employment was for discriminatory reasons.

In this federal action, the parties stipulated to a discovery deadline of June 25, 2025.  Docket No. 42.  Despite that stipulation, defendant now seeks to stay discovery as of April 28.  Defendant argues that the discovery already completed during proceedings before the Merit Systems Protection Board (MSPB) in this case makes discovery in this federal action "largely duplicative."  Docket No. 51 at 3. Defendant points out that Dr. Lau took the deposition of Troy Bad Moccasin in the MSPB matter and that Commander McClung and Dr. Susan Porter testified at the MSPB hearing.  Id. at 4.

Dr. Lau counters that the focus of the MSPB administrative proceedings was not unlawful discrimination, but rather his whistle-blower claim.  Docket No. 54 at 2-3.  In the proceedings before the Equal Employment Opportunity Commission (EEOC) where the focus *was* on unlawful discrimination, Dr. Lau was not allowed to take any discovery.  Id. at 2.  Dr. Lau states he has been trying to take a Rule 30(b)(6) deposition of defendant in this action and defendant has continually refused to designate a witness.  Id.  That deposition notice has been outstanding since January 7 of this year.

Dr. Lau concedes that he did take Mr. Bad Moccasin's deposition in the MSPB matter, but because defendant did not reveal Dr. Porter or Commander

2

McClung as witnesses until the eve of the MSPB hearing, Dr. Lau never took their depositions.  Id. at 2-3.  Because the focus of the MSPB hearings was Dr. Lau's whistle-blower claim, not his discrimination claims, Dr. Lau was not allowed to cross-examine Dr. Porter or Commander McClung about any unlawful discrimination.  Id. at 3.  Dr. Lau argues that discovery in the MSPB proceeding, which is a separate proceeding involving distinct factual and legal issues from this federal civil action, is not a proper substitute for robust discovery herein.

Dr. Lau argues he must be allowed to take his proposed Rule 30(b)(6) deposition as well as the depositions of Dr. Porter, Commander McClung, and Mr. Bad Moccasin in order to have an opportunity at full and fair discovery herein. The court notes that there motions to compel regarding these four depositions were just filed on today's date.  As of this juncture, the court does not rule now whether the depositions must take place.

However, as defendant points out, this court has discretion to rule on the timing and sequence of discovery.  Defendant previously filed a motion to dismiss Dr. Lau's complaint, arguing that Dr. Lau asserted claims in the EEOC proceedings only against tribal employees, so there was no administrative exhaustion of any claim against a federal defendant.  See Docket No. 17.  The court found that assertion unsupported by the record.  See Docket No. 39.

Instead, the court found that Dr. Lau's EEO charge clearly asserted both the tribe and IHS had discriminated against him unlawfully and that Commander McClung, Dr. Lau's IHS supervisor and a federal employee himself, participated in the decision to fire Dr. Lau.  Id.  It would be unfair to deprive Dr. Lau of the

opportunity to take the deposition of Commander McClung at this point given he has never before had an opportunity to depose that individual in a like proceeding.

Therefore, it is

ORDERED that defendant's motion to stay discovery in this case [Docket No. 50] is denied.

DATED this 19th day of May, 2025.

BY THE COURT:

_Veronica L. Duffy_

_____

VERONICA L. DUFFY
United States Magistrate Judge

4